IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY BENJAMIN TAYLOR (aka TIMMIE BRUCE TAYLOR), ) ) ) Petitioner, ) ) v. ) ) UNITED STATES OF AMERICA, ) ) Respondent. ) _____ ) | CV F 05-0542 AWI (CR F 03-5161 AWI) ORDER DIRECTING PETITIONER'S ATTORNEY TO FILE DECLARATION (28 U.S.C. § 2255) [Document #37] |

## INTRODUCTION

Petitioner Timothy Benjamin Taylor ("Petitioner") seeks relief under 28 U.S.C. section 2255 from the sentence of 87 months imprisonment that was imposed by this court on September 3, 2004, following Petitioner's entry of a plea of guilty to six counts of mail fraud and two counts of attempted income tax evasion. Petitioner contends he suffered a depravation of his Sixth Amendment right to effective assistance of counsel when his attorney failed to timely file a notice of appeal. Federal subject matter jurisdiction exists pursuant to 28 U.S.C., section 1331. Venue is proper in this court.

## PROCEDURAL HISTORY AND FACTUAL SUMMARY

Petitioner was convicted by plea of guilty to six counts of mail fraud and two counts of attempted income tax evasion on May 11, 2004. Under the terms of his plea agreement, Petitioner agreed that his sentence would be computed according to the 2002 version of the

United States Sentencing Guidelines.  He agreed that the Guideline base offense level for mail fraud was 6, and that an 18-level enhancement would be applied for a loss of more than $2.5 million, but less than $7 million.  He also agreed that 4 levels would be added for a scheme involving more than 50 victims.  Petitioner agreed his offense level would be further elevated 2 levels for criminal conduct in violation of a direct court order, and 2 levels for his leadership role in the criminal enterprise.  As to the counts for attempted income tax evasion, Petitioner agreed that the base level for his offense was 22 for a tax loss greater than $1 million but less than $2.5 million.  Petitioner agreed to a 2-level enhancement for failure to correctly identify the source of income, and a 2-level enhancement for an offense involving sophisticated means.  In the Plea Agreement, Petitioner reserved the right to appeal his sentence.

A Presentence Investigation Report ("PSR") was prepared which calculated a recommended total offense level of 30, afer a three-level downward adjustment for acceptance of responsibility.  The PSR recommended a 121-month term of imprisonment.  The PSR also calculated an alternative total offense level of 29, and recommended at total term of imprisonment of 87 Months.  The difference between the recommended and alternate recommended calculations of offense levels appears to be that the former included a 1-level enhancement for multiple counts and the latter did not.  At the sentencing hearing on August 30, 2004, the court imposed the lower of the two recommended terms, sentencing Petitioner to a total term of 87 months.  Judgment was entered on September 3, 2004.

Petitioner alleges that at the conclusion of his sentencing hearing on August 30, 2004, his attorney said that he would call Petitioner the next day.  Petitioner alleges he understood this to mean that Petitioner's attorney would contact Petitioner for the purpose of preparing a notice of appeal to be filed within the statutory 10-day period.  Petitioner alleges by way of a sworn affidavit that his attorney did not call or visit Petitioner the next day and that Petitioner "was forced to correspond with this Court and ask for the appointment of counsel for appeal." However, the Clerk of this Court rejected Petitioner's correspondence because it "did not contain the case name or case number." Affidavit at ¶ 8. Petitioner alleges that his attorney did not call, visit, or answer any of Petitioner's telephone calls within the 10-day period after the imposition

of his sentence. Affidavit at ¶ 11.

Appended to Petitioner's affidavit is a copy of a letter received by this court on November 29, 2004. The letter references a "pro se Notice of Appeal" that was allegedly sent to the court on or about September 2, 2004. Affidavit - Exh. "A." The letter explains that Petitioner, after filing the "pro se Notice." did not receive any notice of appointment of appellate counsel, notice of briefing schedule for appeal or any notice of designation of transcripts and records for appeal. A handwritten note at the bottom of the letter – apparently written by court personnel – states that "we have no such [notice of] appeal on record – the last thing on our docket is the judgment and commitment filed on 9-3-04." Petitioner does not attach or provide any form of proof of the letter allegedly sent on or about September 2, 2004.

**LEGAL STANDARD**

Section 2255 provides, in pertinent part: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence." Under section 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.' " United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir.1994) (quoting 28 U.S.C. § 2255). The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." United States v. McMullen, 98 F.3d 1155, 1159 (9th Cir.1996) (internal quotations omitted), cert. denied, 520 U.S. 1269, 117 (1997). To earn the right to a hearing, therefore, the movant must make specific factual allegations which, if true, would entitle him to relief. Id. Mere conclusory statements in a section 2255 motion are insufficient to require a hearing. United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir.1980), cert. denied, 451 U.S. 938 (1981).

**DISCUSSION**

As an initial matter, the court notes that it lacks authority to directly grant Petitioner leave

to file a direct appeal on the record now before the court. Pursuant to Rule 4(b) of the Federal Rules of Criminal Procedure, the last day for the filing of a notice of appeal is the tenth day following entry of judgment. Compliance with Rule 4(b) is both mandatory and jurisdictional. United States v. Stolarz, 547 F.2d 108, 109-110 (9th Cir. 1976). "Unless a defendant satisfies this requirement, an appellate court has no jurisdiction to hear his case." United States v. Wrice, 954 F.2d 406, 408 (6th Cir. 1992). "A district court, however, may grant an extension up to thirty days for excusable neglect. Therefore under special circumstances, the time for filing notice of appeal may be up to forty days." Id.

The latest day Plaintiff could have filed a notice of appeal within a forty day period from the date of entry of judgment was October 13, 2004, (or October 15 if October 13 fell on a Saturday). If appellant filed a paper prior to the fortieth day following the date of judgment that contained the information necessary for a notice of appeal pursuant to Rule 3(d), the court could, under appropriated circumstances, grant an extension of time from the ten-day statutory time limit to the date of filing of the paper within the 40-day time limit *nunc pro tunc*, even though the request for extension of time was filed after the 40-day period. Id. at 410; United States v. Bell, 149 F.3d 1185, 1185 (6th Cir. 1998). In the present case there is no filing fulfilling the requirements of Rule 3(d) within the forty-day limit.

The only paper submitted to the court within the forty-day time period is the letter Petitioner claims to have sent on or about September 2, 2004. Petitioner admits that the September 2 "pro se Notice of Appeal" did not contain a case name or number. Rule 4(d)(1) requires that the notice of appeal must specify the party or parties taking the appeal, designate the judgment or portion thereof being appealed, and designate the court to which the appeal is taken. The court has no evidence before it to conclude that a paper was sent to the court that met the requirements of Rule 4(d)(1) within the 40-day time period.

This court has no authority to grant Petitioner a right of appeal that has been lost because of non-compliance with the jurisdictional requirements of Rule 4. United States v. Pierce, 992 F.2d 1021, 1022 (9th Cir. 1993). Petitioner's only recourse, therefore, is to move to set aside the judgment pursuant to 28 U.S.C., section 2255 on the ground of depravation of a constitutionally

protected right to appeal. Where a court determines that a defendant has been denied the right of appeal because his attorney unreasonably failed to file notice of appeal within the statutory time limit, the defendant's remedy is that the court may vacate the prior judgment "and reenter judgment, thereby 'allowing a fresh appeal.' [Citation.]" Id. at 1023.

Petitioner contends he was denied effective assistance of counsel when his attorney failed to follow through on his promise to contact Petitioner and file a notice of appeal on Petitioner's behalf. To establish a constitutional violation for the ineffective assistance of counsel, a defendant must demonstrate (1) a deficient performance by counsel, and (2) prejudice to him. United States v. Cochrane, 985 F.2d 1027, 1030 (9th Cir.1993). To prove a deficient performance of counsel, Petitioner must demonstrate that his attorney "made errors that a reasonably competent attorney acting as a diligent and conscientious advocate would not have made." Butcher v. Marquez, 758 F.2d 373, 376 (9th Cir.1985). To show prejudice, Petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 694 (1984).

Where the petitioner's claim of ineffective assistance of counsel rests on an allegation of failure to timely file a notice of appeal, the court must employ a fact-based analysis to determine if counsel's failure to file was unreasonable. Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (Flores -Ortega"). The Flores-Ortega Court held that the filing of a notice of appeal is a ministerial task. The failure to file notice of appeal where there is clear instruction by the defendant to do so is clearly unreasonable. Id. At the other end of the factual spectrum, an attorney has no duty to file a notice of appeal where the attorney has discussed the issue of appeal with the defendant and is instructed not to file a notice of appeal. Id.

The Flores-Ortega Court recognized that considerable distance lies between these factual extremes. A factual inquiry is required that begins with the question of whether a discussion on the subject of appeal was had between the defendant and his counsel. "[C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are

1  nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to
2  counsel that he was interested in appealing." Id. at 480.  Where there is a conversation,
3  additional facts may be relevant to determine what the defendant and his attorney reasonably
4  understood and agreed to with respect to any decision to appeal.  Where there is no conversation,
5  additional facts are relevant if they tend to demonstrate the attorney reasonably believed the
6  defendant would not want to appeal or should not be presumed to have wanted to appeal.

7       Flores-Ortega commands a factually intensive analysis to determine whether or not there
8  was a conversation between the defendant and his counsel, and to establish the facts surrounding
9  either the occurrence or non-occurrence of that conversation.  The court finds it currently lacks a
10  sufficient factual background to conduct the sort of analysis Flores-Ortega commands.  The court
11  finds the most efficient way forward is to direct Petitioner's attorney to submit a declaration
12  setting forth facts relevant to this inquiry according to his recollection and records.  Petitioner
13  and the United States are not to respond until and unless directed to do so by the court.

14       Although the court need not address the prejudice prong of the Strickland analysis at this
15  time, it is important that Petitioner's attorney keep in mind the fact that, in the context of
16  Petitioner's claim of depravation of an opportunity to appeal, prejudice is evinced by a
17  depravation of the appellate proceeding, not by a consideration of whether the appeal would
18  have resulted in a more favorable sentence.  Flores-Ortega, 528 U.S. at 483.  In other words,
19  whether the issues Petitioner may have raised on appeal have apparent merit goes to the
20  attorney's duty to file the notice of appeal, not to prejudice.  If a notice of appeal should have
21  been filed, but was not, prejudice is presumed.

23       THEREFORE, in consideration of the foregoing, it is hereby ORDERED that Petitioner's
24  attorney, Neil E. Costanzo, shall file a declaration setting forth such facts as are known to him
25  that pertain to discussions he may have had with Petitioner regarding Petitioner's intent to file a
26  notice of appeal.  Mr. Costanzo shall include in his declaration any other facts that may be
27  pertinent to this inquiry.  The declaration shall be filed not later than fourteen (14) days from the
28  date of service of this order.  Mr. Costanzo need not serve his declaration on any other party.

1  The clerk of the court shall serve this order by mail on Petitioner and on Mr. Costanzo at
2  the following address:
3      Neil E. Costanzo
4      575 E. Locust Ave., Suite 115
5      Fresno, CA 93720

7  IT IS SO ORDERED.
8  **Dated:   April 27, 2007**         **/s/ Anthony W. Ishii**
                                                            UNITED STATES DISTRICT JUDGE