1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| **TIMOTHY BENJAMIN TAYLOR (aka TIMMIE BRUCE TAYLOR),** | ) ) ) | **CV F 05-0542 AWI (CR F 03-5161 AWI)** |
| Petitioner, | ) ) | **ORDER TO SHOW CAUSE WHY MOTION TO CORRECT,** |
| v. | ) ) | **AMEND, OR SET ASIDE THE SENTENCE SHOULD NOT BE** |
| **UNITED STATES OF AMERICA,** | ) ) | **DENIED** |
| Respondent. | ) ) | **(28 U.S.C. § 2255)** [Case 05cv05342 Doc. #1] [Case 03cr5161 Doc. #88] |

**INTRODUCTION**

Petitioner Timothy Benjamin Taylor ("Petitioner") seeks relief under 28 U.S.C. section 2255 from the sentence of 87 months imprisonment that was imposed by this court on September 3, 2004, following Petitioner's entry of a plea of guilty to six counts of mail fraud and two counts of attempted income tax evasion.   Federal subject matter jurisdiction exists pursuant to 28 U.S.C., section 1331.  Venue is proper in this court.

**PROCEDURAL HISTORY AND FACTUAL SUMMARY**

Petitioner Timothy Benjamin Taylor ("Petitioner") was convicted by plea of guilty to six counts of mail fraud and two counts of attempted income tax evasion on May 11, 2004.    Under the terms of his plea agreement, Petitioner agreed that his sentence would be computed according to the 2002 version of the United States Sentencing Guidelines.  He agreed that the Guideline

base offense level for mail fraud was 6, and that an 18-level enhancement would be applied for a loss of more than $2.5 million, but less than $7 million. He also agreed that 4 levels would be added for a scheme involving more than 50 victims, plus two additional levels for criminal conduct in violation of a direct court order, and 2 levels for his leadership role in the criminal enterprise. As to the counts for attempted income tax evasion, Petitioner agreed that the base level for his offense was 22 for a tax loss greater than $1 million but less than $2.5 million. Petitioner agreed to a 2-level enhancement for failure to correctly identify the source of income, and a 2-level enhancement for an offense involving sophisticated means. In the Plea Agreement, Petitioner reserved the right to appeal his sentence.

A Presentence Investigation Report ("PSR") was prepared which calculated a recommended total offense level of 30, afer a three-level downward adjustment for acceptance of responsibility. The PSR recommended a 121-month term of imprisonment. The PSR also calculated an alternative total offense level of 29, and recommended a total term of imprisonment of 87 Months. The difference between the recommended and alternate recommended calculations of offense levels appears to be that the former included a 1-level enhancement for multiple counts and the latter did not. At the sentencing hearing on August 30, 2004, the court imposed the lower of the two recommended terms, sentencing Petitioner to a total term of 87 months. Judgment was entered on September 3, 2004.

Petitioner alleges that at the conclusion of his sentencing hearing on August 30, 2004, his attorney said that he would call Petitioner the next day. Petitioner alleges he understood this to mean that Petitioner's attorney would contact Petitioner for the purpose of preparing a notice of appeal to be filed within the statutory 10-day period. Petitioner alleges by way of a sworn affidavit that his attorney did not call or visit Petitioner the next day and that Petitioner "was forced to correspond with this Court and ask for the appointment of counsel for appeal. However, the Clerk of this Court rejected my correspondence because it did not contain the case name or case number." Affidavit at ¶ 8. Petitioner alleges that his attorney did not call, visit, or answer any of Petitioner's telephone calls within the 10-day period after the imposition of his sentence. Affidavit at ¶ 11.

2

Petitioner's affidavit has appended to it a copy of a letter received by this court on November 29, 2004.  The letter references a "pro se Notice of Appeal" that was allegedly sent on or about September 2, 2004.  Affidavit - Exh. "A."  The letter explains that Petitioner, after filing the "pro se Notice." did not receive any notice of appointment of appellate counsel, notice of briefing schedule for appeal or any notice of designation of transcripts and records for appeal.  A handwritten note at the bottom of the letter – apparently written by court personnel – states that "we have no such [notice of] appeal on record – the last thing on our docket is the judgment and commitment filed on 9-3-04."  Petitioner does not attach or provide any form of proof of the letter allegedly sent on or about September 2, 2004.

On April 30, 2007, the court reviewed Petitioner's motion for relief and determined that there was not sufficient evidence to make a determination of whether Petitioner was entitled to habeas relief.  The court ordered Petitioner's counsel, Neal E. Costanzo, to submit an affidavit setting forth such facts as are known to him that pertain to discussions he may have had with Petitioner regarding Petitioner's intent to file a notice of appeal (the "April 30 Order").  Mr. Costanzo's affidavit was filed on May 14, 2007.

The affidavit states Mr. Costanzo has no recollection of any conversation with Petitioner in which there was a direct statement of intent by Petitioner to file an appeal.  The affidavit does state that Petitioner discussed the possibility of appeal with counsel prior to the sentencing and Petitioner was told that if the sentence imposed was the same as the sentence agreed upon in the plea agreement, there would be no basis for appeal.  The affidavit also states that it is probable that Petitioner did request that Mr. Costanzo visit Petitioner the following day, but when Mr. Costanzo had an opportunity to visit a couple of days later, Petitioner was unavailable because he had already been transferred to a federal facility.  The affidavit also indicates that Mr. Costanzo spoke with Petitioner on September 16, 2004, just prior to an arraignment in a subsequent criminal proceeding in the Fresno County Superior Court.  The affidavit states Petitioner did not indicate any desire to appeal any aspect of the judgment or sentence imposed by this court.  Doc. # 94 at 3:6-10.

1                                          **LEGAL STANDARD**

2          Section 2255 provides, in pertinent part: "A prisoner in custody under sentence of a court

3    established by Act of Congress claiming the right to be released upon the ground that the

4    sentence was imposed in violation of the Constitution or laws of the United States ... may move

5    the court which imposed the sentence to vacate, set aside or correct the sentence."  Under section

6    2255, "a district court must grant a hearing to determine the validity of a petition brought under

7    that section, '[u]nless the motions and the files and records of the case conclusively show that the

8    prisoner is entitled to no relief.' "  United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir.1994)

9    (quoting 28 U.S.C. § 2255).  The court may deny a hearing if the movant's allegations, viewed

10   against the record, fail to state a claim for relief or "are so palpably incredible or patently

11   frivolous as to warrant summary dismissal."  United States v. McMullen, 98 F.3d 1155, 1159

12   (9th Cir.1996) (internal quotations omitted), cert. denied, 520 U.S. 1269, 117 (1997).  To earn

13   the right to a hearing, therefore, the movant must make specific factual allegations which, if true,

14   would entitle him to relief.  Id.  Mere conclusory statements in a section 2255 motion are

15   insufficient to require a hearing.  United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir.1980),

16   cert. denied, 451 U.S. 938 (1981).

17                                          **DISCUSSION**

18         In its April 30 Order, the court noted that, pursuant to Rule 4(b) of the Federal Rules of

19   Criminal Procedure, the last day for the filing of a notice of appeal is the tenth day following

20   entry of judgment, except that under special circumstances, the time for filing notice of appeal

21   may be up to forty days.  The court calculated that, in this case, the latest day Plaintiff could have

22   filed a notice of appeal within a forty day period from the date of entry of judgment was October

23   13, 2004.  The court noted in the April 30 Order:

24              This court has no authority to grant Petitioner a right of appeal that has been lost
            because of non-compliance with the jurisdictional requirements of Rule 4.  United
25          States v. Pierce, 992 F.2d 1021, 1022 (9th Cir. 1993).  Petitioner's only recourse,
            therefore, is to move to set aside the judgment pursuant to 28 U.S.C., section 2255
26          on the ground of depravation of a constitutionally protected right to appeal.
            Where a court determines that a defendant has been denied the right of appeal
27          because his attorney unreasonably failed to file notice of appeal within the
            statutory time limit, the defendant's remedy is that the court may vacate the prior
28          judgment "and reenter judgment, thereby 'allowing a fresh appeal.' [Citation.]"

                                                 4

1    Id. at 1023.

2        The April 30 Order set forth the standard for determination of ineffective assistance of

3    counsel with respect to a claim of depravation of right to appeal as follows:

4            Where the petitioner's claim of ineffective assistance of counsel rests on
         an allegation of failure to timely file a notice of appeal, the court must employ a
5        fact-based analysis to determine if counsel's failure to file was unreasonable. Roe
         v. Flores-Ortega, 528 U.S. 470, 477 (2000) (Flores -Ortega"). The Flores-Ortega
6        Court held that the filing of a notice of appeal is a ministerial task. The failure to
         file notice of appeal where there is clear instruction by the defendant to do so is
7        clearly unreasonable. Id. At the other end of the factual spectrum, an attorney has
         no duty to file a notice of appeal where the attorney has discussed the issue of
8        appeal with the defendant and is instructed not to file a notice of appeal. Id.

9            The Flores-Ortega Court recognized that considerable distance lies
         between these factual extremes. A factual inquiry is required that begins with the
10       question of whether a discussion on the subject of appeal was had between the
         defendant and his counsel. "[C]ounsel has a constitutionally imposed duty to
11       consult with the defendant about an appeal when there is reason to think either (1)
         that a rational defendant would want to appeal (for example, because there are
12       nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably
         demonstrated to counsel that he was interested in appealing." Id. at 480. Where
13       there is a conversation, additional facts may be relevant to determine what the
         defendant and his attorney reasonably understood and agreed to with respect to
14       any decision to appeal. Where there is no conversation, additional facts are
         relevant if they tend to demonstrate the attorney reasonably believed the defendant
15       would not want to appeal or should not be presumed to have wanted to appeal.

16   April 30 Order at 5:16-6:6.

17       The April 30 Order concluded that the court lacked a factual basis to make a reasoned

18   decision regarding Petitioner's claim of infringement of his constitutionally guaranteed right to

19   appeal. The court therefore ordered Petitioner's counsel to submit an affidavit setting forth, to

20   the extent possible, additional facts that might bear upon the court's determination of Petitioner's

21   claim.

22       Although the affidavit submitted by Petitioner's attorney (the "Affidavit") is not as

23   complete as might be hoped, it nonetheless sets forth facts that, taken with the facts alleged by

24   Petitioner, allow the court to move forward with the decision-making process. In particular, the

25   following facts derived from both Petitioner's allegations and from the Affidavit inform this

26   court determination that Petitioner does not appear to have suffered a constitutional deprivation:

27   1.  Petitioner and his counsel discussed the issue of appeal prior to the sentencing hearing in

28       the context of whether there would be any issue to appeal in the event sentence

5

1    recommended by the plea agreement was actually imposed.  The conclusion of that

2    discussion was the mutual understanding that if the sentence recommended by the plea

3    agreement was imposed, there would be no basis for appeal.

4    2.    The sentence recommended by the plea agreement was the sentence imposed by the court.

5    3.    Neither Petitioner or his counsel recollect any direct statement by either party prior to or

6          at the time of the sentencing hearing that stated a preference or intent to appeal any aspect

7          of Petitioner's conviction or sentence.

8    4.    Petitioner and his counsel spoke on September 16, 2004, prior to a proceeding in the

9          Fresno Superior Court, at which time Petitioner did not say anything that would have lead

10         his attorney to believe Petitioner desired to appeal some aspect of his judgment or

11         commitment in this court.  The court notes that, although September 16, 2004, is beyond

12         the ten-day limit normally imposed by Rule 4, it is well within the additional thirty-day

13         time period during which a late notice of appeal might well have been accepted.

14   Pursuant to Flores-Ortega, although the filing of a notice of appeal is a ministerial act, an

15   attorney does not provide ineffective assistance where there is no direct request to file a notice of

16   appeal and where the facts indicate that the attorney could reasonably believe his client did  not

17   desire to file a notice of appeal.  See Flores-Ortega, 528 U.S. 470 at 480.

18   Here, both prongs are satisfied.  Although Petitioner may have subjectively intended to

19   raise the issue of appeal the day following his sentencing, the subject was not raised directly to

20   Petitioner's counsel either before the sentencing, at the sentencing, or on September 14, 2007,

21   when Petitioner met with his counsel at the Fresno Superior Court.  Further, although Petitioner

22   alleges he timely mailed a deficient notice of intent to appeal to the court, there is no evidence

23   available that substantiates that claim, whether the notice was sufficient or not.  Similarly, there

24   is nothing to indicate Petitioner should reasonably have been expected to desire an appeal.  The

25   conversation Petitioner and his attorney had prior to the sentencing hearing concluded that, if the

26   sentence recommended by the plea agreement was imposed, there would be nothing to appeal.

27   To this point, the court is unaware of any issue arising from Petitioner's conviction or sentencing

28   that would form the basis of a non-frivolous appeal.

6

1    The court finds the facts available at this time, when applied to the analytical framework

2    of Flores-Ortega, lead to the conclusion that Petitioner did not suffer a depravation of

3    constitutional proportions when his attorney did not contact him the day after his sentencing

4    hearing and did not submit a notice of appeal on Petitioner's behalf.  By structuring this finding

5    as an order to show cause, the court offers Petitioner an opportunity to present any allegations or

6    evidence he may have to refute the factual grounds the court has adopted in the formulation of

7    this order.  Specifically, any reply by Petitioner to this order to show cause should focus on those

8    facts that bear most directly on the court's conclusion that there was not infringement of a

9    constitutional interest.  Petitioner should specifically focus on providing evidence bearing on the

10   issues of:

11   1.    Whether there exists any non-frivolous basis for appeal.

12   2.    Whether there exists any evidence of any mailing by Petitioner to the court after the date

13         of entry of judgment against him but before the expiration of the forty-day period

14         following the entry of judgment.

15   3.    Any evidence that would tend to contradict or negate any of the other facts set forth

16         herein that the court has relied upon to reach its conclusion.

17

18        THEREFORE, for the reasons set forth above, Petitioner is hereby ORDERED TO

19   SHOW CAUSE why his motion to set aside the judgment of conviction pursuant to 28 U.S.C.,

20   section 2255 should not be denied.  Petitioner shall file and serve any response to this order to

21   show cause not later that twenty (20) days from the date of service of this order.  Petitioner's

22   motions to schedule hearing and for response (Documents #'s 96 and 97) are hereby DENIED

23   without prejudice.  The Clerk of the Court shall append a copy of the affidavit of Neal E.

24   Costanzo (Document # 94) to this order to show cause and shall serve both by mail upon

25   Petitioner.

26   IT IS SO ORDERED.

27   **Dated:    June 15, 2007**            **_/s/ Anthony W. Ishii_**
                                          UNITED STATES DISTRICT JUDGE

28

7