**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR F 03-5161 AWI |
| ) | |
| Plaintiff, ) | ORDER ON PAYMENT OF |
| ) | RESTITUTION |
| v. ) | |
| ) | |
| TIMMIE BRUCE TAYLOR, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

     The court has been made aware of certain correspondence that has occurred between defendant Timmie Bruce Taylor ("Defendant") and the Clerk of the Court. The upshot of this correspondence is that Defendant has tendered what he has described as a "commercially negotiable instrument" in satisfaction of the court's imposition of restitution in settlement of his criminal case. The court has also been made aware of correspondence to Defendant from the Clerk of the Court notifying Defendant that the court may only accept a Bank Check, Cashier's Check, Money Order, Personal Check or cash as payment for restitution. <u>See</u> Letter from Clerk of the Court dated July 14, 2006. Subsequent correspondence from Defendant indicates Defendant continues to tender the same "commercially negotiable instrument" and appears to contend such payment should be accepted.

     Defendant is hereby advised that the notice sent to Defendant on July 14, 2006, accurately reflects the court's policy that only Bank Checks, Cashier's Checks, Money Orders, Personal

Checks or cash are acceptable forms of payment for restitution.  Defendant will hereafter tender payment or restitution in one of these forms of payment or shall file a formal motion with the court for departure from the court's policy and receive permission from the court in advance of filing any other from of payment.

IT IS SO ORDERED.

**Dated:     December 21, 2007**                    ／s/ Anthony W. Ishii
                                                          UNITED STATES DISTRICT JUDGE